## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

DYANNA M. WHITE,

                Plaintiff,

      v.

JUDGE EUGENE RENZI, RETIRED JUDGE PETER
SCHWERZMANN, ATTORNEY MICHAEL
YOUNG, RETIRED ATTORNEY ARTHUR
STEVER III, OFFICER MICHAEL MANEY, JANE
DOE 1 THROUGH 10, JOHN DOE 1 THROUGH 10,

                Defendants.

Civil Action No.

5:22-cv-00370-DNH-ML

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

### PRELIMINARY STATEMENT

Defendants Judge Eugene R. Renzi, retired Judge Peter A. Schwerzmann, retired attorney Arthur C. Stever, III, and Michael S. Maney, an Officer of the Watertown, New York Police Department, submit this memorandum in support of a motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### BACKGROUND

Plaintiff Dyanna M. White filed this action, *pro se*, on December 23, 2021, in the United States District Court for the District of Rhode Island. Docket No. 1. The moving defendants all moved to dismiss for lack of personal jurisdiction over them in Rhode Island. Docket No. 12. The Court denied the motion, but transferred the case to this Court. Docket No. 19.

The complaint names five defendants. Two of the moving defendants are Judges who sat or sit in Surrogate's Court in Jefferson County, New York. Another of the moving defendants is

13754466.1

an attorney who practiced in the State of New York. The fourth moving defendant is an Officer of the City of Watertown Police Department.

The complaint relates to the administration of the estate of Plaintiff's father, who resided in Jefferson County, New York. Docket No. 9, at p. 5 of 30.

In essence, Plaintiff is attempting to challenge the outcome of proceedings in Surrogate's Court in Jefferson County, New York, by filing a section 1983 action against the attorneys and Judges involved in the litigation.

Defendant Eugene R. Renzi is the current Judge of Surrogate's Court in Jefferson County, New York. The matter involving Plaintiff's father's estate is currently pending before him. Renzi Declaration. (Docket No. 12, attachment 3).

Defendant Peter A. Schwerzmann is a retired Judge of Surrogate's Court in Jefferson County, New York. The matter involving Plaintiff's father's estate was previously pending before him before he retired. Schwerzmann Declaration. (Docket No. 12, attachment 5).

Defendant Arthur C. Stever, III, is a retired attorney who practiced in Jefferson County, New York. He retired from active practice in 2012. He represented Plaintiff's father, and the law firm he previously practiced at represented the executors of the Plaintiff's father's estate in the Surrogate's Court proceedings in Jefferson County. Stever Declaration. (Docket No. 12, attachment 2).

Defendant Michael Maney is an officer of the Watertown, New York Police Department. Maney Declaration. (Docket No. 12, attachment 4). Plaintiff alleges that she contacted the Watertown, New York Police Department alleging that a codicil to her father's will contained a forged signature. She alleges that Officer Maney took the complaint by telephone on July 23,

2018. Docket No. 9, at pp. 16-17 of 30. She complains that Officer Maney violated her civil rights because he did not adequately investigate her complaint of forgery.

## DISCUSSION

The complaint in this action attempts to relitigate rulings in Surrogates Court in Jefferson County, New York, as a constitutional civil rights violation. Plaintiff's claims are without merit on their face, and the proper remedy is dismissal.

With respect to Arthur Stever, he was an attorney in private practice. There is no plausible allegation that he was a state actor. A claim under Section 1983 must allege that the defendant is a state actor. *See, e.g.*, *Fabrikant v. French*, 691 F.3d 191, 206 (2d Cir. 2012).

With respect to Officer Maney, the only allegation is that he failed to fully investigate Plaintiff's allegation that a codicil to her father's will was forged. A claim under Section 1983 must plausibly allege that the defendant violated the plaintiff's rights under the United States Constitution or federal laws. *See, e.g.*, *Standley v. Dennison*, 2007 WL 2406909 (N.D.N.Y. 2007).

With respect to Judges Renzi and Schwerzmann, there is no allegation that they did anything beyond presiding over matters related to the Estate of Plaintiff's father. The Amended Complaint does not specify any right under the United States Constitution or federal law that was violated by the Judges.

The complaint should also be dismissed because this Court cannot grant the relief sought. Plaintiff asks the Court to declare "that all NY State court judges enforce the NY Code of Judicial Conduct and all NY attorneys abide by NY Part 1200 Rules of Professional Conduct." Docket No. 9, at p. 8 of 30. Plaintiff has not joined "all NY State court judges" and has not joined "all NY attorneys." Further, she seeks a declaration that New York judges and attorneys follow the

13754466.1

state Code of Judicial Conduct and the state Rules of Professional Conduct. These are not federal matters enforceable in a Section 1983 action.

## CONCLUSION

The motion should be granted and the action dismissed.

Respectfully submitted,

Dated: May 5, 2022

Jonathan B. Fellows, Esq.
BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, New York 13202
Tel: (315) 218-8000
jfellows@bsk.com
*Attorneys for Defendants EUGENE RENZI,*
*PETER SCHWERZMANN ARTHUR STEVER III,*
*MICHAEL MANEY*

4

13754466.1

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of the Court on the 5th day of May, 2022, and is available for viewing and downloading from the Court's CM/ECF system. All counsel of record for represented parties have been served by electronic means on the date this document was filed. All parties who are self-represented or whose counsel have not yet entered an appearance have been served by U.S. Mail, first class postage prepaid, and email on the date this document was filed.

_____
Jonathan B. Fellows

13754466.1