# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DYANNA M. WHITE,<br><br>                        Plaintiff,<br>   v.<br><br>JUDGE EUGENE RENZI, RETIRED JUDGE PETER SCHWERZMANN, ATTORNEY MICHAEL YOUNG, RETIRED ATTORNEY ARTHUR STEVER III, OFFICER MICHAEL MANEY, JANE DOE 1 THROUGH 10, JOHN DOE 1 THROUGH 10,<br><br>                        Defendants. | DOCKET NO.: 5:22CV00370<br><br>**NOTICE OF MOTION** |

| | |
|---|---|
| **MOTION BY:** | Defendant, Michael Young |
| **RELIEF REQUESTED:** | An order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissing the Amended Complaint. |
| **SUPPORTING PAPERS:** | Memorandum of Law in Support of Motion for Dismissal of the Amended Complaint. |
| **OPPOSING PAPERS:** | Pursuant to Rule 7.1 of the Local Rules of Practice of the Northern District of New York, opposing papers must be filed and served within twenty-one (21) days of the service of this motion. |

                                                   Respectfully submitted,
                                                   **MORRISON MAHONEY LLP**
                                                   Attorneys for Defendant Michael Young

                                                   By: _/s/ Arthur J. Liederman_____
                                                     Arthur J. Liederman, Esquire
                                                     aliederman@morrisonmahoney.com
                                                   Erin P. Cain, Esquire
                                                   ecain@morrisonmahoney.com
                                                   Wall Street Plaza
                                                   88 Pine Street, Suite 1900
                                                   New York, NY 10005
                                                   Phone:  212-825-1212
                                                   Fax:     646-576-8910

101083344

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DYANNA M. WHITE,<br>                    Plaintiff,<br>   v.<br><br>JUDGE EUGENE RENZI, RETIRED JUDGE PETER SCHWERZMANN, ATTORNEY MICHAEL YOUNG, RETIRED ATTORNEY ARTHUR STEVER III, OFFICER MICHAEL MANEY, JANE DOE 1 THROUGH 10, JOHN DOE 1 THROUGH 10,<br>                    Defendants. | DOCKET NO.: 5:22CV00370 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS PURSUANT TO RULES 12(B)(5) AND 12(B)(6) OF THE**
**FEDERAL RULES OF CIVIL PROCEDURE**

101083344

# **TABLE OF CONTENTS**

I. BACKGROUND ................................................................................................... 1

II. STANDARD OF REVIEW .................................................................................. 2

III. LEGAL ARGUMENT .......................................................................................... 4

    a. Plaintiff's Amended Complaint Must Be Dismissed Because It Fails to State A Claim Upon Which Relief May Be Granted. ......................... 4

    b. Plaintiff's Amended Complaint Must Be Dismissed for Insufficient Service of Process. ...................................................................... 8

IV. CONCLUSION ..................................................................................................... 8

101083344

# **TABLE OF AUTHORITIES**

**Cases**

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999) ..... 6

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) .............................................................................. 2, 3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) .................................................................. 3

*Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 295 (2001) ........................ 6

*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). .............................................. 4

*Ciambriello v. Cnty. of Nassau,* 292 F.3d 307, 323–24 (2d Cir. 2002). ......................................... 7

*Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 111 (2d Cir. 2003) .......................................... 6

*Dahlberg v. Becker*, 748 F.2d 85, 93 (2d Cir. 1984) ...................................................................... 6

*DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ............................................. 4

*Doe v. Patrick*, 437 F. Supp. 3d 160, 170 (N.D.N.Y. 2020) ........................................................... 5

*Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 263 (2d Cir. 2014) ... 6, 7

*Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) .................................................................. 2

*LaLumia v. Sutton*, No. 1:13-CV-1012, 2013 WL 6566064, at *3 (N.D.N.Y. Dec. 13, 2013) ...... 7

*Montero v. City of Yonkers, New York*, 890 F.3d 386, 401 (2d Cir. 2018) ................................ 5, 6

*Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007) .................................................................. 3

*Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 230 (2d Cir. 2004) ............................................. 6

*Smith v. Baker*, No. 9:11-CV-0542 MAD/ATB, 2013 WL 317018, at *2 (N.D.N.Y. Jan. 28, 2013)
    ................................................................................................................................................. 3

**Statutes**

18 U.S.C. § 241 ............................................................................................................................... 5

101083344

18 U.S.C § 242 ........................................................................................................................... 5

18 U.S.C. § 1346 ....................................................................................................................... 5

18 U.S.C. § 1965 ....................................................................................................................... 5

28 U.S.C. § 1331 ....................................................................................................................... 5

28 U.S.C. § 1332 ....................................................................................................................... 5

28 U.S.C. § 1391 ....................................................................................................................... 5

28 U.S.C. § 2201 ....................................................................................................................... 5

28 U.S.C. § 2202 ....................................................................................................................... 5

42 U.S.C. § 1983 ............................................................................................................... 4, 5, 6, 8

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 4

Fed. R. Civ. P. 8 ..................................................................................................................... 1, 3

101083344

Defendant Attorney Michael Young ("Defendant" or "Defendant Young") by his attorneys, Morrison Mahoney, LLP, submits this Memorandum of Law in support of defendant's Motion to Dismiss this action for plaintiff's failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and for insufficient service of process pursuant to Rule 12(b)(5).

## I.   BACKGROUND

For the purposes of this motion to dismiss, the factual allegations set forth in the Amended Complaint, which are otherwise disputed, are treated as true. Page references are supplied, rather than paragraphs, because the Amended Complaint is not pled in short, numbered paragraphs in violation of Fed. R. Civ. P. 8.[1]

This action wrongly asserts a purported civil rights violation based upon the defendant's legal services provided to plaintiff in connection with administration of her deceased father's estate.

Plaintiff Dyanna M. White filed this action, pro se, on December 23, 2021, in the United States District Court for the District of Rhode Island. Docket No. 1. Plaintiff filed the operative pleading, the Amended Complaint, on February 10, 2022. Docket No. 9. Defendants all moved to dismiss this action for lack of personal jurisdiction over them in Rhode Island. Docket No. 12. The Court denied the motion without prejudice but transferred the case to this Court on April 18, 2022. Docket No. 19.

The Amended Complaint names five defendants. Moving defendant, Michael Young is an attorney admitted to practice in New York. The Amended Complaint relates to the administration

---

[1] All page references will refer to the stamped page numbers automatically applied in the header of all ECF-filed documents, for purposes of clarity, given that the Amended Complaint package consists of multiple documents, each with different numbering conventions.

1

101083344

of the estate of plaintiff's father, who resided in Jefferson County, New York. Amended Complaint ("Compl.") p. 5 of 30. Defendant Young was the third of four attorneys retained to represent plaintiff in the administration of her father's estate in Jefferson County Surrogate's Court in Watertown, New York. *Id*. at 9 of 30; 12 of 30. Defendant Young's representation of plaintiff started in or around March 2017 and ended on or about March 27, 2021. *Id*. at 12 of 30; 23 of 30. Plaintiff alleges that she retained Defendant Young after discharging the firm of Barclay Damon. *Id*. at 12 of 30. Plaintiff states that she signed a Letter of Engagement with Defendant Young of Young Law Office, PLLC, in Lowville, New York to handle her deceased father's estate, with an agreement to pay a retainer fee of $2,000. *Id*. at 13 of 30.

In filing this action, plaintiff seeks recovery for the outcome of proceedings in Surrogate's Court in Jefferson County, New York, which Plaintiff disagrees with, by filing a section 1983 action against Defendant Young, as well as the other attorneys and Judges involved in the litigation of her father's estate.

Defendant Young resides in Lowville, New York. He maintains a law practice, Young Law Office PLLC, in the town of Lowville, New York, and is admitted to the New York bar.

## II.    STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. at 678; *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are

2

well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679.

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *Smith v. Baker*, No. 9:11-CV-0542 MAD/ATB, 2013 WL 317018, at *2 (N.D.N.Y. Jan. 28, 2013); *see Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *Baker* at *2. This presumption of truth, however, does not extend to legal conclusions. *Id*.

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief'...." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id*. at 555, and present claims that are "plausible on [their] face" *id*. at 570. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown, that the pleader is entitled to relief." *Ashcroft*, 556 U.S. at 679. "Ultimately, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the [ ] complaint must be dismissed[.]" *Baker* at *2; *see Twombly*, 550 U.S. at 570.

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111

101083344

(2d Cir. 2010). Courts may also consider matter of which judicial notice may be taken, including public documents and records. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

### III.   LEGAL ARGUMENT

**a.   Plaintiff's Amended Complaint Must Be Dismissed Because It Fails to State A Claim Upon Which Relief May Be Granted.**

Plaintiff's Amended Complaint against Defendant Young must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted because the Amended Complaint alleges a civil rights violation under 42 U.S.C. § 1983 against a non-state actor. There is neither a basis nor a specific allegation from which this Court can find that defendant, a private attorney, retained to prosecute private litigation on behalf of the plaintiff, is or acted as a state or local official. Therefore, plaintiff does not state a viable Section 1983 action against this defendant and the complaint must be dismissed.

Plaintiff's Amended Complaint is entitled "Complaint for Violation of Civil Rights." Compl. p. 1 of 30. In Section II.A. of the Amended Complaint, plaintiff states that she is bringing suit against "State or local officials (a § 1983 claim)" *id*. at 4 of 30, notwithstanding that Defendant Young is neither a state nor local official. In Section II.B., plaintiff describes the constitutional or statutory rights that she believes were violated:

> US Constitution, NY Constitution, US 1st, 5th, 7th, 14th Amendments
> 28 USC 2201 & 2202, 28 USC 1331, 28 USC 1391 (a) (2) (c) (1) 18 USC 1965 (a) 28 USC 1332 (a) (1)
> 18 USC 1346 18 USC 241 & 242
> NY Code of Judicial Conduct: CANON 2 [100.2] (A) (B) CANON 3 [100.3] (B) (4) (7) (E) (1) (a) [3.13] [3B(7)] [3.14] [3B (7)]
> NY PART 1200 Rules of Professional Conduct: Rule 1.1 (a) (c) (1) (2) Rule 1.2 (a) Rule 1.3 (a) (b) Rule 1.4 (a)(1) (i) (ii) (iii) (3) (4) Rule 1.6 (a) Rule 1.7 (a) (2) Rule 3.2 Rule 3.3 (a) (3) Rule 3.4 (a)(1)(4) Rule 8.4 (c) (d)

*Id*. at 4-5.[2] Plaintiff's allegations, as set forth in Section II.D., include that "defendants are either New York state officers of the court or New York state law enforcement and have acted under the color of law." *Id*. at 6 of 30. Plaintiff alleges that she has been deprived of the ability to have a fair and unbiased trial due to defendants' violation of U.S. and New York laws, New York Code of Judicial Conduct, and the New York Part 1200 Rules of Professional Conduct, therefore violating plaintiff's due process and civil rights. *Id*. Plaintiff has chosen to plead her claim against Attorney Young as a civil rights violation arising from alleged "collusions and corruption" that she experienced. *Id*. at 30 of 30.

Section 1983 authorizes a federal cause of action against persons who, while acting under the color of state law, cause a violation of a plaintiff's federal rights. 42 U.S.C. § 1983. To establish a claim under § 1983, plaintiff must establish: (1) that the defendants acted under color of state law, and (2) that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Doe v. Patrick*, 437 F. Supp. 3d 160, 170 (N.D.N.Y. 2020); *Montero v. City of Yonkers, New York*, 890 F.3d 386, 401 (2d Cir. 2018). Section 1983 defines a state actor as one who acts "under color of any statute, ordinance, regulations, custom or usage of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.

In the case at bar, plaintiff must allege and establish that Defendant Young acted "under the color of state law." However, Defendant Young could only have been said to have acted under

---

[2] We briefly summarize the effect of the federal statues cited in the Amended Complaint. 28 U.S.C. § 2201 and 28 U.S.C. § 2202 permit a federal court to issue declaratory judgments. 28 U.S.C. § 1331 creates federal question jurisdiction. 28 U.S.C. § 1391 is the venue statute. 18 U.S.C. § 1965 establishes the venue for Racketeer Influenced and Corrupt Organizations litigation. 28 U.S.C. § 1332 creates diversity jurisdiction. 18 U.S.C. § 1346 defines fraud in the context of a mail fraud action. 18 U.S.C. § 241 and 18 U.S.C § 242 provide criminal causes of action for conspiracy against rights and deprivation of rights under color of law. None of these create a cognizable cause of action against Attorney Young, a private actor.

5

the color of state law "if [Defendant Young's] actions were made as a state actor, or where [Defendant Young] acts 'in his official capacity or while exercising his responsibilities pursuant to state law.'" *Montero*, 890 F.3d at 401-402 (citing *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 230 (2d Cir. 2004)) (internal citations omitted). "The purpose of the state action requirement is, at bottom, to 'preserve an area of individual freedom by limiting the reach of federal law'…." *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 263 (2d Cir. 2014). This is not the case.

To demonstrate state action, the plaintiff must establish both that his or her "'alleged constitutional deprivation [was] caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, and that the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *Grogan*, 768 F.3d at 263-264 (citing *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 111 (2d Cir. 2003)) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999)). But plaintiff cannot satisfy the latter requirement because plaintiff cannot demonstrate that the purportedly unconstitutional conduct is "fairly attributable to the State." *Grogan*, 768 F.3d at 264 (internal citations omitted). Plaintiff cannot demonstrate that "there is such a 'close nexus between the State and the challenged action' that the undisputed private behavior of a private attorney acting in a civil private proceeding should 'be fairly treated as that of the State itself.'" *Id*. (citing *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 295 (2001)).

Defendant Young is a lawyer involved in his own private practice at Young Law Office, PLLC. Defendant Young is a private citizen rather than a state actor. *See Dahlberg v. Becker*, 748 F.2d 85, 93 (2d Cir. 1984) (stating that defendant's lawyers are not state officials and finding no claim

6

101083344

was made that different state judges entered into a conspiracy or had a meeting of the minds with the attorney defendants to deprive plaintiff of his liberty). As a non-state actor and a private citizen, Defendant Young is not subject to liability under Section 1983. *See LaLumia v. Sutton*, No. 1:13-CV-1012, 2013 WL 6566064, at *3 (N.D.N.Y. Dec. 13, 2013), adhered to on reconsideration, No. 1:13-CV-1012, 2014 WL 316709 (N.D.N.Y. Jan. 28, 2014) (stating private citizens are generally not subject to § 1983 liability); *see also Ciambriello v. Cnty. of Nassau,* 292 F.3d 307, 323–24 (2d Cir. 2002).

Plaintiff has neither alleged that Defendant Young is a state actor nor how Defendant Young was allegedly acting under the color of state law in his representation of plaintiff. Plaintiff fails to allege any facts establishing that the alleged violation of her constitutional rights was caused by the exercise of some right or privilege created or imposed by New York State on Defendant Young, such that it would be fair to transform Defendant Young into a state actor. Plaintiff has failed to show that Defendant Young's representation, which plaintiff alleges deprived her of a fair and unbiased trial, is "fairly attributable to the state" or that there is such a "close nexus" that Defendant Young's private behavior "may be fairly treated" as that of New York State itself. *See Grogan*, 768 F.3d at 264.

It cannot be said that, in representing plaintiff, Defendant Young was acting on behalf of New York State. In fact, plaintiff does not aver that Defendant Young was acting on behalf of New York State. Plaintiff, on her own accord, after having hired and fired two other law firms and attorneys, retained Defendant Young to represent plaintiff with respect to administration of plaintiff's father's estate. Plaintiff signed a Letter of Engagement and paid Defendant Young a retainer fee of $2,000.

7

It is unclear from the Amended Complaint how plaintiff alleges that her rights were violated, other than that she appears unhappy with the process of justice that she received. The Jefferson County Surrogate's Court's ruling adjudicating plaintiff's rights to her dissatisfaction does not equate to targeting plaintiff with "collusion and corruption" or discrimination by the State or Defendant Young on behalf of the State, in an effort to deprive plaintiff of the ability to have a fair and unbiased trial. Even indulging in the most charitable reading of the Amended Complaint, Defendant Young's actions do not constitute governmental discrimination – defendant was plaintiff's lawyer and was not a government actor.

Plaintiff cannot demonstrate that she was the subject of discrimination, collusion, or corruption by Defendant Young, or that Defendant Young acted under color of state authority. Plaintiff has failed to plead a viable Section 1983 claim and the Amended Complaint must be dismissed.

### b. Plaintiff's Amended Complaint Must Be Dismissed for Insufficient Service of Process.

Plaintiff never served Defendant Young with a copy of the original Complaint. Service of process was deficient.

### IV. CONCLUSION

For the foregoing reasons, the claims against Attorney Young must be dismissed. The allegations set forth in the Amended Complaint do not state cognizable claims against Attorney Young in light of his status as a private citizen, rather than state actor. Plaintiff has failed to plead a viable Section 1983 claim and has, therefore, failed to state a claim upon which relief may be granted.

8

101083344

9

WHEREFORE, Defendant Attorney Michael Young respectfully requests that this Honorable Court dismiss this action as to him with prejudice.

Dated: New York, New York
       May 13, 2022

Respectfully submitted,

**MORRISON MAHONEY LLP**
*Attorneys for Defendant Michael Young*

By: _____
Arthur J. Liederman, Esquire
aliederman@morrisonmahoney.com
Erin P. Cain, Esquire
ecain@morrisonmahoney.com
Wall Street Plaza
88 Pine Street, Suite 1900
New York, NY 10005
Phone: 212-825-1212
Fax:    646-576-8910

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on May 13, 2022 a true and correct copy of the foregoing document was forwarded by electronic means through the Court's ECF system to all counsel of record.

_____
ROSELYNE PIERRE