UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF NEW YORK

**DYANNA M. WHITE,**

        Plaintiff,

                              Civil Action No.
                              5:22-CV-370,DNH/ML

        v.

**JUDGE EUGENE RENZI, RETIRED JUDGE PETER SCHWERZMANN, ATTORNEY MICHAEL YOUNG, ARTHUR STEVER III, OFFICER MICHAEL MANEY, JANE DOE 1 THROUGH 10, JOHN DOE 1 THROUGH 10**

        Defendants.

## MEMORANDUM OF LAW - MOTION TO STRIKE DOCKET NO. 35 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON THE GROUNDS OF NONCOMPLAINCE WITH NORTHERN DISTRICT OF NEW YORK FEDERAL CIVIL LOCAL RULE 83.1

### PRELIMINARY STATEMENT

Plaintiff, Dyanna M. White, as a pro se litigant, submits this motion to strike Docket No. 35, motion to dismiss for failure to state a claim, as submitted by the defendant's counsel on the grounds of noncompliance with the Northern District of New York Federal Civil Local Rule 83.1.

### BACKGROUND

Plaintiff, Dyanna M. White filed this action, as a pro se litigant, on December 23, 2021, in the United States District Court for the District of Rhode Island. Docket No. 1. Plaintiff's Amended Complaint, was filed on February 10, 2022. Docket No. 9. The Amended Complaint names five defendants. One of the defendants is listed above. All moved to dismiss this complaint for lack of personal jurisdiction over them in Rhode Island. Docket No. 12. And Michael Young also included 12 (b) (5) and (6). The Court denied all of the Motions to dismiss, but transferred the case to this Court. Docket No. 19. On May 3, 2022, Arthur Liederman, Esquire, filed a Notice of Appearance representing defendant, Michael Young. Docket No. 25. On May 13, 2022, said counsel filed a Notice of Motion to Dismiss pursuant to 12 (b) (5) and (6) Docket No. 35; however, the document as submitted, was authored by both the attorney of record, Arthur Liederman and Erin P. Cain, esquire. On May 16, 2022, John M. Domurad, Clerk of Court, forwarded correspondence to Ms. Cain to advise that she needed to respond to the court, "...in

1

writing, within fourteen (14) days from the date of this Notice, if you will remain as counsel of record, and if so, your formal admission is required." The letter further stated that, "The parties are advised that all future filings and inquiries should be made in accordance with the Local Rules of this Court..." On May 17, 2022 I paid $505 USD and filed a Notice of Appeal to the United States District Court of Appeals for the First Circuit from the Order transferring this complaint to the Northern District of New York on the grounds of prejudice. Only after the receipt of this Appeal notice, was I granted Permission to File Electronically. On May 18, 2022 case number 22-1395 was assigned.

## DISCUSSION

I ask for the aforementioned Motion to Dismiss for Failure to State a Claim to be stricken from the docket and from this complaint. There is no way to ascertain if Ms. Cain authored 1% or 100% of the Motion and she was not an attorney of record with admission to the Court when providing assistance with the drafting of this document. This was in direct violation of Northern District of New York – Federal Civil Local Rule 83.1, as further evidenced by the aforementioned letter by John M. Domurad, Clerk of Court. The deadline for responding to the aforementioned letter was May 31, 2022. Clerk Domurad's letter went unanswered. This is one more example of bias that I have been subjected to by New York State attorneys who seem to be held accountable to no laws whatsoever.

Please let me reaffirm that I am representing myself, and please consider the following case law protecting my rights as a pro-se litigant:

> District courts are, "obligated to construe pro se complaint [s] liberally," Harris v. Mills, 572 F.3d 66,72 (2d Cir.2009). "Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers." Jenkins v. McKeithen, 395 U.S. 411, 421 (1959); Picking v. Pennsylvania R. Co., 151 Fed 2nd 240; Pucket v. Cox, 456 2nd 233
>
> "Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice.
>
> Conley v. Gibson, 355 U.S. 41 at 48 (1957)
>
> "Lest the citizenry lose faith in the substance of the system and the procedures we use to administer it, we can ill afford to confront them with a government dominated by

2

forms and mysterious rituals and then tell them they lose because they did not know how to play the game or should not have taken us at our word."

*Moore v. Price*, 914 S.W.2d 318, 323 Ark. (1996) (Mayfield J. dissenting)

"Pro se litigants' court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements."

*Boag v. MacDougall*, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); see also *United States v. Day*, 969 F.2d 39, 42 (3rd Cir. 1992) (holding pro se petition cannot be held to same standard as pleadings drafted by attorneys);

"[T]the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory."

*Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)).

The court must give the unrepresented party, "every favorable inference arising from his pro se status" (*Hall v. Dworkin*, 829 F. Supp. 1403, 1409 (ND NY 1993)). See also *Anastasoff v. United States*, 223 F.3d 898 (8th Cir. 2000) (litigants' constitutional rights are violated when Courts depart from precedent where parties are similarly situated; all litigants have a constitutional right to have their claims adjudicated according the rule of precedent.)

## CONCLUSION

The motion to strike the unlawfully drafted Motion to Dismiss for Failure to State a claim should be granted and the document should be removed/terminated in Court records.

Respectfully Submitted By Plaintiff,

*[signature]*

Dyanna M. White
June 1, 2022

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of the Court on the 1st day of June, 2022, and is available for viewing and downloading from the Court's CM/ECF system.

Respectfully submitted by Plaintiff,

*Dyanna M. White*
Dyanna M. White

June 1, 2022