UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF NEW YORK

DYANNA M. WHITE,

                                                 NOTICE OF RESPONSE TO
                                        OPPOSITION OF MOTION TO STRIKE

            Plaintiff,

                                                 Civil Action No.
                                               5:22-CV-370,DNH/ML

            v.

JUDGE EUGENE RENZI, RETIRED JUDGE PETER
SCHWERZMANN, ATTORNEY MICHAEL YOUNG, THUR STEVER III, OFFICER
MICHAEL MANEY, JANE DOE 1 THROUGH 10,
JOHN DOE 1 THROUGH 10

            Defendants.

---

### NOTICE/MEMORANDUM OF RESPONSE TO MOTION IN OPPOSITION TO STRIKE DOCKET NO. 35 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON THE GROUNDS OF NONCOMPLAINCE WITH NORTHERN DISTRICT OF NEW YORK FEDERAL CIVIL LOCAL RULE 83.1

#### PRELIMINARY STATEMENT

Plaintiff, Dyanna M. White, as a pro se litigant, submits this notice of response to the opposition of motion to strike Docket No. 35, motion to dismiss for failure to state a claim, as submitted by the defendant's counsel on the grounds of noncompliance with the Northern District of New York Federal Civil Local Rule 83.1.

#### BACKGROUND

On May 3, 2022, Arthur Liederman, Esquire, filed a Notice of Appearance representing defendant, Michael Young. Docket No. 25. On May 13, 2022, said counsel filed a Notice of Motion to Dismiss pursuant to 12 (b) (5) and (6) Docket No. 35; however, the document as submitted, was authored by both the attorney of record, Arthur Liederman and Erin P. Cain, Esquires. On May 16, 2022, John M. Domurad, Clerk of Court, reactively forwarded correspondence to Ms. Cain to advise that she needed to respond to the court, "...in writing, within fourteen (14) days from the date of this Notice, if you will remain as counsel of record, and if so, your formal admission is required." The letter further stated that, "The parties are advised that all future filings and inquiries should be made in accordance with the Local Rules of

this Court..." On May 17, 2022 I paid $505 USD and filed a Notice of Appeal to the United States District Court of Appeals for the First Circuit from the Order transferring this complaint to the Northern District of New York on the grounds of prejudice. On May 18, 2022 case number 22-1395 was assigned. On June 1, 2022, I as Plaintiff, filed a Motion to Strike Defendant's Motion To Dismiss For Failure to State a Claim, Docket No. 41

## DISCUSSION

Plaintiff remains resolute in asking for the aforementioned Motion to Dismiss for Failure to State a Claim to be stricken from the docket and from this complaint. There is no way to ascertain if Ms. Cain authored 1% or 100% of the Motion. She was not an attorney of record with admission to the Court when providing assistance with the drafting of this document. This was in direct violation of Northern District of New York – Federal Civil Local Rule 83.1, as further evidenced by the aforementioned letter reactively sent by John M. Domurad, Clerk of Court on May 16, 2022 in response to the May 13, 2022, Motion To Dismiss pursuant to 12 (b) (5) (6) submitted to the Court by Arthur Liederman, Esquire and Erin P. Cain, Esquire.

In Defendant's response in opposition, pg. 2 states that, "Plaintiff's motion to strike is without merit because the motion was submitted by counsel, Arthur J. Liederman, who is admitted to this district; it is also moot and procedurally improper because the associate attorney listed on the motion has been admitted pro hac. Therefore, the motion must be denied."

Plaintiff does not agree with this statement. Ms. Cain clearly was involved in the drafting of this document or there would have been no occasion for including her name on the document. A likely scenario is that the admitted partner listed above, as well as every other practitioner involved in the events surrounding this complaint are all quite assured that my complaint is going to get dismissed via one technicality or another and having repeatedly given no acknowledgement to the actual merits of the complaint itself, defer research and preparation to junior associates, who bill at a lower rate than a partner; but including both names will allow for all of them to suggest maximum financial penalties to me if my complaint gets dismissed, and the Court continues to turn a blind eye to this collaborative hustle, despite the factual nature of all of the details in my complaint, which continue to be sidestepped. Years later, I have been subjected to all of the unfortunate and overlooked chicanery and deliberate systemic deception by our legal system and have accurately predicted most every deceitful and unlawful outcome that I have suffered at the hands of these practitioners, because there are no consequences for their actions. The "concept" of Due Process guaranteed by The Constitution of the United States is a fallacy, denied citizens by the very institutions and facilitators designed to uphold it.

The bottom line is that Ms. Cain, as confirmed by defendant's Exhibits "A" and "B" did not file for admission to NDNY until May 19, 2022, Transaction ID: 35172, six (6) days after the Motion To

Dismiss was filed and was not formally admitted to NDNY until June 1, 2022. Nor is there any evidence that Ms. Cain was admitted pro hac. If that were the case, it should have been docketed as it was on the DRI Docket No.: 13 March 9, and March 10, 2022, as a Motion to Appear Pro Hac Vice.

Section IV., page 4 of defendant's opposition to motion further states that, " Plantiff's Motion to Strike must be denied because it is procedurally improper. Rule 12 (f) of the FCRP provides that the "court may strike from a pleading an insufficient defense or any **redundant**, immaterial, impertinent or scandalous matter. F.R.C.P. Rule 12 (f).

See also Great W. Life Assur. Co. v. Levithan, 834 F. Supp. 858, 864 (E.D. Pa. 1993) ("A motion to strike under Rule 12 (f) of the Federal Rules of Civil Procedure is the proper method to eliminate matters in pleadings which are found to be redundant, immaterial, impertinent or scandalous" or "to object to an insufficient defense."). Above and beyond the questionable authorship of this recent motion, it bears repeating, that defendant had previously filed an unsuccessful Motion to Dismiss in the United States District Court for the District of Rhode Island under 12 (b) rulings that again included 12 (b) (5) (6) and those Motions to Dismiss were denied. So this most recent attempt to relitigate the Order previously handed down using the same Rules 12 (b) (5) (6) is in fact, redundant. Accordingly, Plaintiff's Motion to strike is not procedurally improper. All the additional case law in the world cannot change the fact that the previous Motions to Dismiss under Rule 12 (b) (5) (6) were denied. It is just one more petty technicality that counsel is hiding behind to avert attention to the actual merits of my complaint.

As a single woman and Pro Se litigant, I have now spent months successfully beating off these relentless and inapplicable Motions to Dismiss, which are clearly just dilatory tactics used by counsel to distract from the actions of the defendants, which necessitated the filing of my complaint. There continues to be no oversight or accountability.

FRCP Rule 8 (e) mandates that pleadings must be construed as, "to do justice." My Motion To Strike, especially when filed by a Pro Se litigant, fighting against a battery of high-priced, well-networked attorneys, covering up a well-conceived plan of judicial and legal system corruption in New York state, desperately exploring and presenting defenses from any and every direction to avoid jury trial and to openly and collaboratively attempt to re-litigate the United States District Court For the District of Rhode Island's sweeping denial of their Motions To Dismiss pursuant to all 12 (b) claims, should be construed as, "to do justice."

Opposing counsels' interpretation of the Court's broad authority to direct its motion practices is illogical. According to their approach, a party is allowed to make, inter alia, redundant or

impertinent statements in its motions, or wholly improper motions, with impunity, but only when such statements are made in "pleadings," the Court has any authority to act.

Moreover, NDNY Rules clearly indicate that the Honorable District Court has the overarching authority to strike any document, labeled "pleading," or "motion," or any other technical title or label, if it so sees fit: see Local Rule 10.1: "The Court may strike documents that do not apply with the above-listed requirements."

Section V.., page 4-5 of defendant's opposition to motion further states that my Motion to Strike, "should not have been submitted without the Court's prior approval, pursuant to the Court's Local Rules, section 7.1 (a) (2). Section 7.1. Motion Practice, subsection (a) (2) Briefing Schedule for Non-dispositive Motions states, "[p]rior to making any non-dispositive motion before the assigned Magistrate Judge, the parties must make **good faith efforts among themselves to resolve or reduce all differences relating to the non-dispositive issue.** If, after conferring, the parties are unable to arrive at a mutually satisfactory resolution, the party seeking relief must then request a court conference with the assigned Magistrate Judge. **A court conference is a prerequisite to filing a non-dispositive motion before the assigned Magistrate Judge...**" (emphasis in original).

Let me remind the defendant and the Court that on May 4, 2022, Plaintiff, in good faith, filed a Motion to Adjourn with NDNY, Docket No.: 27, asking for the proper and stated time to confer with opposing counsel pursuant to their General Order #25 XI., allowing for all parties to confer no less than 21 days in advance of the Rule 16 conference which had already been scheduled for May 11, 2022. This was despite the fact that Plaintiff never received mailed documents regarding same until April 25, 2022, and that Arthur Liederman, Esquire, never filed a Notice of Appearance until May 3, 2022, only eight (8) days prior to the scheduled conference, and that not until May 5, 2022, only six (6) days prior to the scheduled conference, did I receive an emailed, "Proposed Civil Case Management Plan," from the other defendants' attorney which was a "shell document," stating that, "Defendants seek dismissal and believe discovery is unnecessary." I was not provided any opportunity for "conferring." Let me further remind the defendant and the Court that section 7.1. assumes agreement to proceed matters in front of a Magistrate Judge, which I had also never signed or agreed to.

Let me remind the defendant and the Court that despite my good faith efforts to allow and provide for ample time to confer with opposing counsel, and address the other contested issues as denoted above, my Motion to Adjourn, and all other requests were denied and terminated the next day, on May 5, 2022, Docket No: 27. It was only when defendants' counsel again submitted Motions to Dismiss pursuant to Rule 12 (b) (5) and (6), which had already been denied by the Federal District Court for the District of Rhode Island, that the Magistrate Judge terminated all

4

deadlines and hearings. The double standards that have been repeatedly allowed to be used by defendants' counsel and by NDNY are in full view here. How is this equal treatment?

For some reason, I, as the Plaintiff, seem to be the only one being held accountable to any rules at all. It is unfortunate that I am forced to represent myself in these proceedings, but also affirms my allegations of the inability to receive just and equal treatment within the United States system of justice. And yet, high-priced, well-networked attorneys will clamor to defend the indefensible. That I have had to go to these lengths to fight for my rights and continue to expose this systemic corruption, is a travesty of justice. Any attorney that agreed to represent me would have to be a whistle blower, who actually adhered to their Professional Rules of Conduct, and who would not hesitate to speak the truth of the very well known, but hidden facts of the current state of the US legal system, which would require them to expose the hand that feeds them. It is a predatory network of enablers, all doing each other's dirty work, ultimately denying law abiding and truth-telling citizens the rights guaranteed them under The United States Constitution.

Please let me reaffirm that I am representing myself, and please consider the following case law protecting my rights as a pro-se litigant:

District courts are, "obligated to construe pro se complaint [s] liberally," Harris v. Mills, 572 F.3d 66,72 (2d Cir.2009). "Pro se pleadings are to be considered without regard to technicality; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1959); *Picking v. Pennsylvania R. Co.*, 151 Fed 2nd 240; *Pucket v. Cox*, 456 2nd 233

"Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice.

*Conley v. Gibson*, 355 U.S. 41 at 48 (1957)

"Lest the citizenry lose faith in the substance of the system and the procedures we use to administer it, we can ill afford to confront them with a government dominated by forms and mysterious rituals and then tell them they lose because they did not know how to play the game or should not have taken us at our word."

*Moore v. Price*, 914 S.W.2d 318, 323 Ark. (1996) (Mayfield J. dissenting)

"Pro se litigants' court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements."

*Boag v. MacDougall*, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); see also *United States v. Day*, 969 F.2d 39, 42 (3rd Cir. 1992) (holding pro se petition cannot be held to same standard as pleadings drafted by attorneys);

"[T]the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory."

*Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)).

The court must give the unrepresented party, "every favorable inference arising from his pro se status" (*Hall v. Dworkin*, 829 F. Supp. 1403, 1409 (ND NY 1993)). See also *Anastasoff v. United States*, 223 F.3d 898 (8th Cir. 2000) (litigants' constitutional rights are violated when Courts depart from precedent where parties are similarly situated; all litigants have a constitutional right to have their claims adjudicated according the rule of precedent.)

## CONCLUSION

Even if opposing counsel disagrees with the title which I gave to my request, the fundamental substantial relief, the content and the merits of my complaint remain intact and call for the Court's review, intervention and imposing of accountability. The truth of the matter is, that when the smokescreen of all impertinent petty procedural grievances are removed, opposing counsel, attempted to slide in a fundamental paper without being authorized or permitted/admitted to do so in this Court, acting in willful and deliberate disdain towards me, a single woman and Pro Se litigant, seeking justice for years, and also towards the Court and its rules. The motion to strike the unlawfully drafted Motion to Dismiss for Failure to State a claim should be granted.

Respectfully Submitted By Plaintiff,

*Dyanna M. White*
Dyanna M. White
June 17, 2022

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed with the Clerk of the Court on the 17th day of June, 2022, and is available for viewing and downloading from the Court's CM/ECF system.

Respectfully submitted by Plaintiff,

*Dyanna M. White*

Dyanna M. White

June 17, 2022